## JOHN FLETCHER *v.* CATHARINE HENLEY, his Wife.

The statute relative to a change of venue in civil cases (Acts of 1855, p. 303,) does not make such change a matter of right, but leaves it discretionary with the court to grant or refuse the application after hearing evidence.

Where a seasonable though fruitless effort had been made to examine a witness whose testimony had been taken under commission, in relation to contradictory statements alleged to have been made by him, proof of such contradictory statements was properly received.

APPEAL from the District Court of the Parish of Concordia, *Ratliff*, J. *E. Sparrow* and *H. B. Shaw*, for plaintiff and appellant. *J. H. Veazie* and *A. N. Ogden & Stansbury*, for defendant and appellant.

BUCHANAN, J. The parties reside in the parish of Concordia. The plaintiff sues his wife for a divorce, on the ground of adultry. This petition was filed in June, 1856. Defendant answers by a general denial of the charges of plaintiff, and reconvenes, claiming a separation of bed and board, for defamation and ill treatment. She prays for a jury. The answer and petition in reconvention were filed in November, 1856. The cause was called for trial in November, 1857; at which time, plaintiff moved for a change of venue, on filing his affidavit that there was so strong a prejudice resting in the public mind against him, that he could not get an impartial trial in that parish. The Sheriff and two other citizens were examined, and testified, in substance, that there was a feeling adverse to the plaintiff pretty generally prevalent in the parish, growing principally out of this suit; but that a jury could be empannelled, who would give him a fair and impartial trial. The Judge overruled the motion for change of venue, and the trial proceeded before a jury, each one of whom upon his *voir dire* had sworn that he had no bias or prejudice for or against either party, and that he had not formed nor expressed an opinion about the merits of the cause.

The statute relative to a change of venue in civil cases (Acts of 1855, page 303), does not make such change a matter of right, but leaves it discretionary with the court to grant or refuse the application, after hearing evidence. And this harmonizes with the theory of trials by jury, which supposes a principal advantage of such mode of trial, to consist in having judges *of the vicinage*, who know the parties and their witnesses. And this advantage is the more apparent, where, as in the present case, the issue is one of character in the most important of social relations; and where, as here, the credibility of material witnesses is drawn in question. The record satisfies us that the discretion of the District Judge was judiciously exercised in this instance. The application for a change of venue was tardy. Issue had been joined for a year before it was made. The statute allowed the plaintiff to have made the application in vacation, upon ten days notice to the opposite party. Instead of availing himself of this provision of the law, the plaintiff delays it until the moment of going to trial. The immediate effect of the application, if granted, would have been to continue the cause. The statute was certainly not intended to delay trials; and Judges should take heed that it is not perverted to that purpose.

Plaintiff excepted to the mode of completing the jury, after the regular panel had been exhausted. His council offers no argument in support of this bill of exceptions, and it is only necessary to remark that the course adopted is supported by the authority of the case of *Barthet* v. *Estebene*, 5 An. 315.

Plaintiff excepted to the reading on the trial, of the evidence given on a rule for alimony. We see no good objection to this evidence. It was taken in the presence of both parties.

Also, to the examination of defendant's mother as a witness. This objection is untenable. See Act of 1855, No. 307, sec. 2.

Plaintiff also excepted to the reception of testimony of witnesses to prove that *B. F. Baker*, a witness for plaintiff examined under commission, had made statements to those witnesses, inconsistent with the statements made by him in his deposition read in the cause. The rule of evidence appears to be settled, that a contradictory statement of this kind can only be proved, after the witness impeached shall have been afforded an opportunity of explaining the contradiction, by being examined in relation to it. *Fletcher* v. *Fletcher*, 5 An. 408.

But in this case, a seasonable, though fruitless effort seems to have been made to examine *Baker* in relation to his alleged contradictory statements. *Baker's* deposition was taken, as already said, under a commission at Vicksburg, Warren county, Mississippi, by *Lazarus Lindsay*, commissioner. After this deposition was returned into court, and before the term of the court at which the cause was tried, another commission was taken out by defendant, and sent to the same commissioner at Vicksburg, who had executed the previous one, with an interrogatory annexed, to *Baker*, requesting him to state whether he had not made the statements to those persons named, which were testified of afterwards, in open court, by those persons, and are now excepted to. The return of the commissioner, *Lindsay*, to the last named commission, shows that *Baker* could not be found.

We think that the court did not err in receiving evidence of the contradictory statements of *Baker*, under the circumstances. But, even if this were doubtful, we would not feel justified in sending back the cause to the jury on this account; inasmuch as we find the most material statement of *Baker's* deposition flatly contradicted by the witness *John Ivy*; and it was for the jury to decide, which of the two witnesses, *Ivy* or *Baker*, they would believe.

Upon a careful review of the evidence, we are satisfied that the verdict of the jury has done justice between these parties.

The judgment is, therefore affirmed, with costs.